PETER SVANOE vs. LARS PETER LARSON.

July 17, 1891.

Services—Employment—Value.—Evidence considered, and *held* sufficient to justify the verdict.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial after verdict of $332.52 for plaintiff.

*Merrick & Merrick*, for appellant.

*Ueland & Holt*, for respondent.

MITCHELL, J. As this appeal presents no questions of any importance, we do not feel called upon to consider in detail defendant's numerous assignments of error, many of which are unsubstantial, and others mere repetitions of each other. The action was brought to recover for services performed and moneys expended at the instance of defendant, a resident of Sweden, in attending to and protecting his interests in the estate of his deceased son in Minneapolis. The principal items of the claim were $50 for plaintiff's personal services, and $250 for the services of attorneys whom he employed in the matter. Plaintiff's employment by and authority to act for defendant rested entirely upon certain letters written to him from Sweden by one Geijer; and the principal questions in the case were (1) whether defendant authorized the writing of these letters; (2) whether they constituted an employment of plaintiff with present authority to act; and (3) the value of the services performed by himself personally or by the attorneys whom he employed. That defendant authorized the letters written in his behalf by Geijer there can be little or no doubt, under the evidence. The main contention of the defendant is that these letters were merely inquiries whether plaintiff would consent to act, and neither authorized nor contemplated action on his part until a formal power of attorney had been executed by defendant. We fully concur in the construction placed on these letters by the trial court, that they authorized the plaintiff to take such steps as seemed reasonably necessary to protect defendant's interests in the estate, without waiting for the execution and return from

Sweden of formal letters of attorney. In view of the fact that other parties, whom defendant considered hostile to his interests, had already applied for letters of administration on the estate, the jury were abundantly justified in finding that the plaintiff was warranted in employing attorneys to resist such application; also that their services were worth the amount claimed. The claim that plaintiff's authority had been revoked before most of these services were rendered, finds no support in the evidence. The fact that defendant did not execute and return the formal power of attorney, but cabled that he was coming to America himself, cannot be construed as a direction to plaintiff to desist from continuing his efforts to protect defendant's interests until he arrived in person.

The only debatable question in the case is as to sufficiency of the evidence as to the value of plaintiff's personal services. These services consisted almost entirely of correspondence with Geijer in Sweden and the attorneys in Minneapolis, the nature and extent of which were given in evidence. The only other evidence of the value of the services was the testimony of the plaintiff himself, taken by deposition, in which, after stating the amount of money he had paid out and the liability he had incurred to the attorneys, he added: "And I further claim the sum of $50 for the trouble I have had in connection with this case." As the services were neither a commodity which had a fixed market value, nor of an ordinary professional character, upon which others in the same profession would be peculiarly qualified to place a value, it is rather difficult to see what expert witnesses could have been produced that would have been any more competent to estimate the value than the jurors themselves. But we think that the testimony of the plaintiff, taken in the connection in which it was given, must be construed as meaning, not simply that he demanded the sum named in his complaint, but, that in his judgment he was entitled to that amount, which would be but another way of his expressing his opinion of reasonable value. This, in connection with the evidence as to the nature and extent of the services, was, in our judgment, sufficient to justify the jury in allowing the $50.

Order affirmed.